## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

LINDA C. CHASE,

      Plaintiff,

v.                                                                      Case No.  5:24-cv-158-MW-MJF

ARBOR PROPERTIES
DEVELOPMENT INC., *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff asserts two claims against three Defendants regarding Defendant Arbor Properties' denial of Plaintiff's residential lease application: (1) the denial constitutes retaliation in violation of the Fair Housing Act; and (2) an email from Defendant Jill Hewitt to Plaintiff constitutes defamation in violation of Florida law. Defendants move to dismiss this civil action because: (1) Plaintiff's second amended complaint is an impermissible "shotgun" pleading; and (2) Plaintiff failed to state a claim upon which relief can be granted. Doc. 42. Plaintiff opposes the motion. Doc. 44. The District Court should dismiss this civil action

because Plaintiff's second amended complaint is a "shotgun" pleading and Plaintiff fails to state a claim upon which relief can be granted.

## BACKGROUND

### A.  <u>Plaintiff's Residence at Arbor Trace Apartments</u>

Between April 2018, and August 2021, Plaintiff and her husband resided at the Arbor Trace Apartments, which was a property owned or operated by Defendant Arbor Properties Development, Inc. ("Arbor"). *See* Doc. 41 at 8–9; Doc. 44 at 2. Plaintiff alleges that on at least three occasions starting on November 23, 2020, unidentified individuals entered Plaintiff's apartment without her permission. Doc. 41 at 7–8. Plaintiff confronted employees of Arbor about these unauthorized entries, and Arbor employees advised Plaintiff to file police reports.

On June 25, 2021, Arbor Trace Apartments notified Plaintiff that it did not intend to renew its lease with Plaintiff and her husband. In response, Plaintiff states she filed the fair housing complaint on August 28, 2021, with the Florida Commission on Human Relations, in which Plaintiff alleged that Arbor discriminated against Plaintiff based on her disability. Doc. 41 at 10; Doc. 44 at 2.

**B.**    **Plaintiff's Lease Application at Arbor Landing Mill Bayou**

On June 14, 2022, Plaintiff and her husband applied for tenancy at Arbor Landing Mill Bayou in Panama City, Florida, which is another property owned or operated by Arbor.[1] Doc. 41 at 6. On June 15, 2022, Plaintiff emailed property manager Defendant Jill Hewitt and assistant property manager Dajana Shufford concerning her lease application. *Id.*

On June 16, 2022, Hewitt sent an email to Plaintiff in which Hewitt stated that Arbor denied Plaintiff's lease application because of Plaintiff's hostile conduct while Plaintiff resided at the Arbor Trace Apartments. *Id.*

**C.**    **This Civil Action**

Plaintiff initiated this civil action on June 14, 2024, in the United States District Court for the Northern District of Indiana. That court transferred this case to the Northern District of Florida.

Plaintiff's initial complaint was a so-called "shotgun pleading" that also appeared not to state a claim upon which relief can be granted. Doc.

---

[1] In her amended complaint, Plaintiff refers to the property as "Mills Bayou," but it appears that the correct name is "Mill Bayou."

1. The undersigned, therefore, struck the complaint and provided detailed instructions to Plaintiff to enable her to state a claim. Doc. 29.

In her amended complaint, Plaintiff asserts claims against three Defendants: (1) Arbor Properties Development, Inc.; (2) Jill Hewitt; and (3) Gordon Thames. *Id.* at 1, 4–5. Specifically, Plaintiff asserts claims of: (1) retaliation in violation of the Fair Housing Act because Defendants denied Plaintiff's application for tenancy at Arbor Landing Mill Bayou; and (2) defamation in violation of Florida law. Doc. 41 at 6, 10, 12.

## STANDARD

Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The District Court must accept all well-pleaded factual allegations of the complaint as true and must evaluate all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

## A.   <u>Plaintiff's Amended Complaint Is a "Shotgun" Pleading</u>

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). A district court that receives a shotgun pleading must *sua sponte* give a plaintiff "one chance to replead." *Id.* at 1296. But once a *pro se* litigant has been given that opportunity to remedy the deficiencies and squanders the opportunity by filing another shotgun pleading, the district court has the authority to dismiss the complaint on shotgun pleading grounds. *Id.* at 1295; *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001); *see also Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.") (citations omitted).

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 thus requires "clarity and brevity" in pleading. *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). Rule 8 prohibits complaints that contain "immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

Despite the undersigned specifically informing Plaintiff of her obligations under Rule 8 and Rule 10, Plaintiff ignored the undersigned's order and again filed an impermissible "shotgun" pleading. Specifically, Plaintiff's amended complaint digresses into a morass of extraneous facts that are not relevant to Plaintiff's claims. Plaintiff's complaint contains long diatribes irrelevant to the two claims she purports to assert in her complaint. Federal "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together claims . . . ." *Barmapov v. Amuial*, 986 F.3d 1321, 1327–28 (11th Cir. 2021) (Tjoflat, J., concurring).

Because Plaintiff failed to comply with the undersigned's order to amend her complaint to comply with Rule 8 and Rule 10 of the Federal

Rules of Civil Procedure, the District Court should dismiss this civil action.

## B.  <u>Plaintiff Fails to State a Claim</u>

The District Court should dismiss this civil action for a second, independent reason: Plaintiff fails to state a claim upon which relief can be granted.

### 1.  *Plaintiff Fails to State an FHA Retaliation Claim*

The Fair Housing Act makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of that person having exercised or enjoyed . . . any right granted or protected by" the Fair Housing Act. 24 C.F.R. § 100.400(b); *Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640, 645 (11th Cir. 2015). This proscribes retaliating against any person that has made a complaint under the Fair Housing Act or any person that "has reported a discriminatory housing practice to a housing provider or other authority." 24 C.F.R. § 100.400(c)(5)–(6).

To state a claim of retaliation under the FHA, a plaintiff must allege:

(1) the plaintiff engaged in protected activity;

(2) the defendant subjected the plaintiff to an adverse action; and

(3) the plaintiff's protected activity caused the defendant to take the adverse action.

*Philippeaux*, 598 F. App'x at 645.

Plaintiff fails to state a plausible claim because she has not sufficiently alleged a causal connection between her filing of the fair housing discrimination complaint and the denial of her application for tenancy at Arbor Landing Mill Bayou. That is, in her second amended complaint, Plaintiff does not include any facts to support an inference that Arbor denied Plaintiff's application to lease an apartment *because* Plaintiff previously complained of discrimination.

As Plaintiff outlines in her second amended complaint and the documents attached thereto, on June 25, 2021, Arbor notified Plaintiff that it had decided not to renew its lease with Plaintiff (*i.e.*, that Arbor no longer wanted Plaintiff as a lessee). Doc. 41-1 at 10. Thus, on June 25, 2021—*long before August 28, 2021, when Plaintiff complained to the Florida Commission on Human Relations*—Arbor indicated that it did not want Plaintiff as a lessee. Indeed, Plaintiff admits in her second amended complaint that it was *Arbor's decision not to renew her lease*

that prompted her to file a fair housing complaint in the first place. Doc. 41 at 10.  Because already on June 25, 2021, Arbor indicated that it did not want Plaintiff as a lessee, Plaintiff cannot plausibly allege that Plaintiff's filing of a complaint on August 28, 2021, caused Arbor to retaliate against Plaintiff by declining to lease an apartment to Plaintiff in June 2022.

Indeed, in a document that Plaintiff attached to her complaint, Arbor informed Plaintiff that Arbor "is unable to accept" Plaintiff's "application for residency with any of the Arbor Properties communities due to the hostility and harassment displayed by you [Plaintiff] during your residency at Arbor Trace Apartments" in 2021. Doc. 41-1 at 1; Doc. 41 at 7. Because—according to Plaintiff's allegations and documents attached to her second amended complaint—Arbor already decided *in June 2021* not to lease an apartment to Plaintiff, long before Plaintiff filed her complaint of discrimination, Doc. 41-1 at 10, Plaintiff's act of filing a complaint of discrimination against Arbor obviously did not cause Arbor not to lease an apartment to Plaintiff. The temporal sequence alleged by Plaintiff not only fails to allege facts consistent with causation, it also irrefutably negates causation.

Additionally, according to Plaintiff's allegations, there was a *ten-month* gap between August 28, 2021 (the date Plaintiff filed her fair housing complaint) and June 15, 2022 (the date Plaintiff applied for tenancy at Arbor Landing Mill Bayou). Without additional facts that suggest causation, alleging a ten-month gap between the protected activity and the adverse action is insufficient to state a claim. *See Fisher v. SP One, Ltd.*, 559 F. App'x 873, 878 (11th Cir. 2014); *Reese v. Park Place Condo. Homeowners Ass'n I*, 2023 WL 5833678, at \*5 (D.D.C. Sept. 8, 2023). Accordingly, Plaintiff has failed to state a Fair Housing Act retaliation claim upon which relief can be granted.

### 2.    *Plaintiff Fails to State a Defamation Claim*

To state a defamation claim under Florida law, a plaintiff must allege at least the following elements:

(1) the defendant published a statement;

(2) the statement defendant published was: (a) false, and (b) defamatory;

(3) the defendant acted at least negligently (regarding defamation of someone who is not a public figure); and

(4) the plaintiff suffered actual damages.

*Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008).

"A defamatory statement does not become actionable . . . until it is published or communicated to a third person; statements made to the person alleging the defamation do not qualify." *Hullick v. Gibraltar Priv. Bank & Tr. Co.*, 279 So. 3d 809, 812 (Fla. Dist. Ct. App. 2019). Furthermore, when the defendant is a corporation, courts have applied an intra-corporate communications exception to publications. *See id.* (*Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. Dist. Ct. App. 2007)). When a corporation is accused of defamation, "statements made to corporate executive or managerial employees of that entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication." *Bush v. Raytheon Co.*, 373 F. App'x 936, 941 (11th Cir. 2010).

### (a). Plaintiff Fails to Allege that Defendants Published a Statement

Plaintiff alleges that Arbor, through Jill Hewitt—acting in her role as the property manager for Arbor Landing—made defamatory remarks to Plaintiff and to the assistant property manager of Arbor Landing.

As to any remarks Hewitt made to Plaintiff, under Florida law, uttering defamatory remarks to a plaintiff does not constitute "publication." *Hullick*, 279 So. 3d at 812.

As to any remarks Hewitt made to a fellow Arbor employee, "[w]hen a corporation is accused of defamation, 'statements made to corporate executive or managerial employees of that entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication.'" *Bush*, 373 F. App'x at 941. Accordingly, Plaintiff has not alleged an essential element of a defamation claim—that any Defendant published a defamatory statement.

### (b). <u>Hewitt's Communication was Protected by a Qualified Privileged</u>

There is a second independent reason to dismiss Plaintiff's claim for defamation: Hewitt's statement was protected by a qualified privilege.

A plaintiff fails to state a claim of defamation when the utterance of the allegedly defamatory statement is protected by a privilege or qualified privilege. *Solis v. Okeechobee Shooting Sports, LLC*, No. 19-14440-CIV, 2020 WL 3089094, at *4 (S.D. Fla. Mar. 26, 2020), *report and recommendation adopted*, No. 2:19-CV-14440, 2020 WL 3089091 (S.D. Fla. Apr. 20, 2020). A "communication made in good faith on any subject

matter by one having an interest therein, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which would otherwise be actionable[.]" *Warner v. Hillsborough Cnty. Clerk of Cts.*, 2024 WL 553482, at *6 (M.D. Fla. Feb. 12, 2024) (quoting *Nodar v. Galbreath*, 462 So. 2d 803, 809 (Fla. 1984)). "Statements made by employees to other employees fall within" this qualified privilege. *Glynn v. City of Kissimmee*, 383 So. 2d 774, 776 (Fla. Dist. Ct. App. 1980).

Here, Plaintiff alleges that Hewitt—an employee of Arbor acting in her role as the property manager for Arbor—made defamatory remarks to the assistant property manager of Arbor Landing (who also is an employee of Arbor) in conjunction with processing Plaintiff's application for tenancy. Doc. 41 at 7. Any such statements by Hewitt, therefore, are protected by a qualified privilege. *See generally Geddes*, 960 So. 2d at 834; *Glynn*, 383 So. 2d at 776. Accordingly, for this reason as well, Plaintiff has failed to state a claim of defamation.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends the District Court:

1.   **GRANT** Defendant's motion to dismiss, Doc. 42, and **DISMISS** this civil action because Plaintiff's second amended complaint violates the Federal Rules of Civil Procedure and fails to state a claim upon which relief can be granted.

2.   **DIRECT** the clerk of the court close the case file.

At Pensacola, Florida, this <u>9th</u> day of January 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to this report and recommendation ("R&R") must be filed within fourteen days of the date of this R&R. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in this R&R waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**